UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------x
JAMES ROSATI,        05   10748 RWZ

    Plaintiff,

    v.                                          Civil Action No.

CAMBREX BIOSCIENCE, MA, INC.,           MAGISTRATE JUDGE _____

    Defendant.
---------------------------------------------------x

RECEIPT # 63531
AMOUNT $250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

### NOTICE OF REMOVAL

Defendant CAMBREX BIO SCIENCE HOPKINTON, INC., ("Cambrex") (which is inaccurately named in the complaint) files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Middlesex Division (the "Superior Court") to the United States District Court for the District of Massachusetts. As its reasons for removal, Cambrex states:

    1.    Plaintiff James Rosati commenced an action in the Superior Court against Cambrex titled *James Rosati v. Cambrex BioScience, MA, Inc.*, Docket No. 05-0731 (the "Pending Action"). Cambrex is the sole defendant in the Pending Action. A true and correct copy of the Complaint, Summons, and Answer in the Pending Action are attached hereto as Exhibit A.

    2.    Plaintiff's Summons and Complaint were delivered to Cambrex on March 15, 2005. Therefore, this Notice of Removal is timely.

1

3.  In paragraphs 18-23 of his Complaint, Plaintiff seeks relief for an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended. Plaintiff's Notice of Right to Sue under Title VII, which was issued by the U.S. Equal Employment Opportunity Commission, is attached to the Complaint as Exhibit A.

4.  This action, therefore, is a civil action over which this Court has jurisdiction, arising under 42 U.S.C. § 2000e-5(f)(3), which, in material part, provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.

5.  This Court has jurisdiction over all claims and all parties. The Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) and the Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

6.  The pending action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Middlesex County, Massachusetts, which lies within this District.

Respectfully submitted,

CAMBREX BIO SCIENCE HOPKINTON, INC.

By its attorneys,

/s/ *signature*

Wilfred J. Benoit, Jr. (BBO No. 037900)
Christopher B. Kaczmarek (BBO No. 647085)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 570-1000

CLIFTON BUDD & DeMARIA, LLP
Attorneys for the Defendant
Eric S. Lamm, Esq.

>George F. Brenlla, Esq.
>Scott M. Wich, Esq.
>420 Lexington Avenue, Suite 420
>New York, New York 10170
>(212) 687-7410
>*Pro Hac Vice Applications Pending*

Dated: April 14, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2005, a true and correct copy of the *Notice of Removal* was served by mail upon the following:

>David A. Wallace, Esq.
>Whittemore & Wallace
>1001 Worcester Road
>Framingham, MA 01701

*/s/ Christopher B. Kaczmarek*
Christopher B. Kaczmarek

LIBB/1335186.2

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

Superior Court Department
Docket #: 05-0731

| | |
|---|---|
| JAMES ROSATI, *Plaintiff* ) <br> ) <br> vs. ) <br> ) <br> CAMBREX BIOSCIENCE, MA, INC. ) <br> *Defendant* ) | **COMPLAINT AND** <br> **JURY DEMAND** |

## Parties

1. The Plaintiff, James Rosati ("Rosati"), is an individual who resides at 18 Allen Court, Northborough, MA 01532.

2. The Defendant, Cambrex BioScience, MA, Inc. ("Cambrex") formerly Marathon Biopharmaceuticals ("Marathon"), is a duly organized Delaware corporation with a usual place of business located at 97 South Street, Hopkinton, MA 01748.

## Jurisdiction

3. On or about June 6, 2002, Rosati filed a Complaint of Discrimination based on national origin/ancestry at the Massachusetts Commission Against Discrimination ("MCAD").

4. On November 26, 2003, the MCAD found probable cause to credit the allegations made in Rosati's Complaint.

5. On or about January 31, 2005, Rosati, through counsel dismissed his Complaint of Discrimination at the MCAD and subsequently the U.S. Equal Employment Opportunity Commission ("EEOC").

6. On February 23, 2005, the EEOC issued to Rosati a Notice Of Right To Sue, a copy of which is attached hereto as *"EXHIBIT A"*.

### Factual Allegations

7. On or about March 5, 2001, Marathon (now Cambrex) hired Rosati to work in its Purification Department.

8. Shortly after Rosati commenced his employment with Cambrex, a co-worker, Jeff Nykiel ("Nykiel") began subjecting him to verbal abuse on a repeated almost daily basis by belittling Rosati's national origin/ancestry (Italian) by referring to Rosati as an "overpaid guinea," a "wop bastard," and a "dago."

9. When Nykiel's verbal harassment became overwhelming, Rosati complained about Nykiel's conduct to Ralph Rotunno ("Rotunno"), Vice President of Human Resources. Rotunno stated that he would conduct an investigation into Rosati's complaint, but added that "not everyone minds being called a guinea."

10. On June 26, 2001, Rotunno held a meeting in his office at which Rosati, Nykiel, and another co-employee, Thomas Martino ("Martino") were present. During this meeting, Rotunno stated to Rosati and Martino that they were "too sensitive." Rotunno failed to discipline or warn Nykiel about his misconduct, and further stated that any discussion about the matter "must not leave this room."

11. On or about October 30, 2001, Cambrex acquired Marathon, but retained the employees of the former Marathon at the Hopkinton, Massachusetts facility.

12. Despite Rosati's complaints, Nykiel's harassment of Rosati worsened. In addition to subjecting Rosati to frequent epithets regarding his Italian ancestry, Nykiel began keeping a baseball bat in his cubicle with which Rosati overheard Nykiel stating that he intended to knock out [Rosati's] teeth. In February 2002, Rosati complained to Rotunno

about this incident, but Rotunno failed to discipline or warn Nykiel. Instead, Rotunno reprimanded Rosati "for causing problems."

13. On or about May 13, 2002, while Martino and Rosati were working in their cubicle, another co-employee, who also was a supervisor, Angel Mercado ("Mercado") entered. Mercado was holding a 6-inch serrated knife as he glared at Martino and Rosati. Rosati filed a written report of this incident with the Hopkinton Police Department. Rosati complained to Rotunno about the incident, but no action of any kind was taken by Rotunno and/or Cambrex.

14. As a result of the combination of Nykiel's verbal abuse and the physical threats by both Mercado and Nykiel, Rosati became mentally and physically distraught. Rotunno told Rosati to take time off from work to deal with his health issues. May 14, 2002 was Rosati's last day of active work at Cambrex, as he was constructively discharged. He subsequently found new employment, but at a considerably lower pay rate.

15. On May 20, 2002, Rosati was seen by a psychiatrist John Coniaris, M.D., 494 Union Avenue, Framingham, Massachusetts 01702. Dr. Coniaris determined that Rosati was suffering from acute stress reaction caused by the abuse he had endured in the Cambrex workplace, brought on primarily by Nykiel.

16. Rosati was physically and mentally unable to return to work at Cambrex and subsequently filed a claim for Workers Compensation.

17. Subsequent to finding new full time employment, Rosati entered into a settlement agreement regarding his Workers Compensation claim. A copy of said Agreement is attached hereto as "*EXHIBIT B*."

18. Nykiel's harassment of Rosati was based on a discriminatory animus toward his national origin/ancestry – Italian. Because Cambrex failed and refused to warn, discipline or terminate Nykiel (or Mercado) despite repeated notice of Nykiel's

discriminatory conduct, Cambrex has also discriminated against Rosati with regard to Rosati's terms, conditions and privileges of employment with Cambrex in violation of G.L. c. 151B, §4 (1) and Title VII of the 1964 Civil Rights Act.

### Count I -- National Original/Ancestry Discrimination

20. Rosati hereby realleges the allegations set forth above in paragraphs 1 – 19.

21. Rosati has timely satisfied all the prerequisites to suit under G.L. c. 151B.

22. Cambrex discriminated against Rosati because of his national origin/ancestry.

23. As a result thereof, Rosati has suffered a loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunites, and other losses including emotional distress and mental suffering.

*Wherefore,* Rosati request that this Court award him:

- Compensatory damages;
- Punitive damages;
- Exemplary damages;
- Attorney's fees and costs; and
- Such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

JAMES ROSATI, by his attorney,

*[signature]*

David A. Wallace, Esq.
Whittemore & Wallace
1001 Worcester Road
Framingham, MA 01701
(508) 872-4331

DATED: March 2, 2005                BBO#: 513480

EXHIBIT A

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | James Rosati<br>30 Purchase Street<br>Milford, MA 01757 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2002-02413 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

FEB 23 2005

(Date Mailed)

Enclosure(s)

cc: CAMBREX BIOSCIENCE
97 South Street
Hopkinton, MA 01748

David A. Wallace
Whittemore And Wallace
Attorneys At Law
1001 Worcester Road
Framingham, MA. 01701-5237

EXHIBIT B (Page 1 of 2)

FORM 117



The Commonwealth of Massachusetts
Department of Industrial Accidents
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board # (If Known):
20472-02

AGREEMENT FOR REDEEMING LIABILITY
BY LUMP SUM UNDER G.L. CH. 152
FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986

Page 1 of 2
Please Print or Type

EMPLOYEE __James Rosati__   LUMP SUM AMOUNT $__9,000.00__

EMPLOYER __Cambrex Bioscience__   TOTAL DEDUCTIONS $__1,402.00__

INSURER __Zurich American Insurance__   NET TO CLAIMANT $__7,598.00__

BOARD NUMBER __20472-02__   TOTAL PAYMENTS $__9,000.00__
(Weekly benefits plus lump sum)

DATE OF INJURY __5/13/02 and all dates of employment__

CHECK WHERE APPLICABLE

( )   Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X)   Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X)   In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

( )   The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

| | NAME | ADDRESS |
|---|---|---|
| 1. $ 1,350.00 Attorney's Fee | Robert M. Thacker, Jr., Esq. | 327 Union Ave., Framingham, MA 01702 |
| 2. $ 52.00 Attorney's Expenses | Robert M. Thacker, Jr., Esq. (Please attach documentation) | 327 Union Ave., Framingham, MA 01702 |
| 3. $ Liens | (Please attach discharges) | |
| 4. $ Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ Insurance | 152 § 48 | |
| 7. $ | | |

(stamp: ACCIDENTS RESOLUTION NOV 22 2002)

(OVER)

Form 117 - Revised 8/2001 - Reproduce as needed.

EXHIBIT B (Page 2 of 2)

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT (Page 2 of 2)

EMPLOYEE MEDICAL INFORMATION:

Age 33    No. of Dependents 0    Average Weekly Wage $894.40    Compensation Rate $ $3.22 per week over a life expectancy of approx. 44 years in accordance with Sciarotta v.

Social Security No.*: 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    Occupation laboratory worker    Educational Background High School Graduat

On Social Security: YES ( )  NO (X)

On Public Employee Disability Retirement: YES ( )  NO (X)

DIAGNOSIS acute stress reaction    PRESENT MEDICAL CONDITION improved

Present Work Capacity: working full time    Third Party Action N/A

PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):

Employee alleged an acute stress reaction disability as a result of a series of incidents during the course of his employment. Employee was out of work from 5/13/02 until returning to work for a different employer in the same field on 8/5/02. Settlement is in best interest of Employee as he has been working without restrictions at a new job for three months. Settlement includes all dates of employment. Net settlement represents $3.22 per week over a life expectancy of approximately 44 years in accordance with Sciarotta v. Bowen. Employer denies all incidents of purported harrassment and was prepared to contest liability.

(Please attach a separate sheet if necessary.)

Received of Zurich American Insurance the Lump Sum of NINE THOUSAND dollars and zero cents ($ 9,000.00 )

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by James Rosati on or about May 13, 2002 & all dates while in the employ of Cambrex Bioscience of employment. I fully understand that after all of the deductions herein I will receive $ 7,598.00. I am fully satisfied with and request approval of this settlement. This agreement has been translated for me into my native language of N/A.

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | James Rosati | 30 Purchase St. Midford, MA | 01757 |
| CLAIMANT'S COUNSEL: | Robert M. Thacker, Jr. | 327 Union Avenue Framingham, MA | 01702 |
| INSURER'S COUNSEL: | Kenner, Engelberg, Dadalt & Bratcher | 99 Summer Street Boston, MA | 02110 |

Signed this 22nd day of November 2002

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-0731

JAMES ROSATI, Plaintiff(s)

v.

CAMBREX BIOSCIENCE, MA, INC., Defendant(s)

### SUMMONS

To the above-named Defendant: CAMBREX BIOSCIENCE, MA, INC.

You are hereby summoned and required to serve upon ....David A. Wallace, Esq............

.................... plaintiff's attorney, whose address is ........................

1001 Worcester Rd., Framingham, MA 01701, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 41 Thorndike St., Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..........................

the ........second........ day of ........March........

..................., in the year of our Lord ....2005........ .

*[signature]* Edward J Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

RM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT OF MIDDLESEX COUNTY

-------------------------------------------------------x
JAMES ROSATI                          :
                                      :
       Plaintiff,                     :
                                      :  Docket No. 05-0731
       v.                             :
                                      :
CAMBREX BIOSCIENCE, MA, INC.          :
                                      :
       Defendants.                    :
                                      :
-------------------------------------------------------x

## ANSWER

Defendant, CAMBREX BIO SCIENCE HOPKINTON, INC., s/h/a CAMBREX BIOSCIENCE, MA, INC., by its attorneys, as and for an Answer to the Complaint herein, respectfully alleges as follows:

### Parties

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.   Denies the allegations in paragraph 2 of the Complaint, except to admit that Cambrex Bio Science Hopkinton, Inc. is a duly organized Delaware corporation with a usual place of business located at 97 South Street, Hopkinton, Massachusetts.

## Jurisdiction

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.  Denies the allegations in paragraph 4 of the Complaint, except to admit that on or about November 26, 2003 the MCAD issued a determination prior to the completion of discovery concerning the allegations raised in a complaint filed by Rosati, that Defendant filed a motion for reconsideration of this determination after the completion of limited discovery (save for discovery questions Plaintiff refused to answer) and Plaintiff withdrew his complaint before the MCAD prior to a determination on this motion.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

## Factual Allegations

7.  Denies the allegations in paragraph 7 of the Complaint, except to admit that on or about March 5, 2001, CoPharma, Inc., d/b/a Marathon Biopharmaceuticals, hired Plaintiff.

8.  Denies the allegations in paragraph 8 of the Complaint.

9.  Denies the allegations in paragraph 9 of the Complaint, except to admit that Ralph Rotunno told Plaintiff he would conduct an investigation into a complaint Plaintiff raised.

10. Denies the allegations in paragraph 10 of the Complaint, except to admit that, on or about June 26, 2001, Rotunno held a meeting in his office with Plaintiff, Jeff Nykiel and Thomas Martino.

11. Admits the allegations in paragraph 11 of the Complaint.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint, except to admit that Mercado was a supervisor and Rosati complained to Ralph Rotunno about the alleged incident.

14. Denies the allegations in paragraph 14 of the Complaint, except to admit that Rotunno provided Plaintiff with time-off from work in response to purported health issues and deny knowledge or information sufficient to form a belief as to Plaintiff's subsequent employment.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint, except to admit that Plaintiff filed a claim for Workers' Compensation benefits.

17. Admits the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

### Count I – National Origin/Ancestry Discrimination

20.[1] Defendant repeats and realleges its responses to paragraph 1-19 of the Complaint as if set forth fully herein.

---

[1] The Complaint omits a paragraph enumerated "19."

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficient service of process.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claim(s) of unlawful harassment because it exercised reasonable care to prevent and correct promptly any harassment and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant enforced its antidiscrimination policies in good faith.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff has failed to mitigate properly his damages, his entitlement to damages must be limited.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the punitive damages sought in the Complaint because the alleged behavior of Defendant does not rise to the level required under applicable law.

Wherefore, Defendant respectfully requests that this Court dismiss the Complaint in its entirety and award Defendant its attorneys' fees, costs, disbursements, and such other and further relief as the Court may deem just, proper and equitable.

Dated:  New York, New York
         April 4, 2005

                              Respectfully submitted,

                              CLIFTON BUDD & DeMARIA, LLP

                              Attorneys for the Defendant,
                              Cambrex Bio Science Hopkinton, Inc.

                        By: _____
                              Scott M. Wich, Esq. (BBO# 662135)
                              420 Lexington Avenue, Suite 420
                              New York, New York 10170
                              (212) 687-7410

5

## Certificate of Service

I hereby certify that a true copy of the above document was served upon David A. Wallace, attorney of record for the Plaintiff, by first class mail on April 4, 2005.

_____
SCOTT M. WICH

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **James Rosati v. BioScience, MA, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   Stamp: 05 10748 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]    NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Wilfred J. Benoit, Jr. (BBO # 037900)
ADDRESS   Goodwin Procter LLP, Exchange Place, Boston, Massachusetts 02109
TELEPHONE NO.   (617) 570-1000

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES ROSATI

**DEFENDANTS**
CAMBREX BIOSCIENCE, MA, INC.

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David A. Wallace
Whittemore & Wallace
1001 Worcester Road, Framingham, MA 01701

Attorneys (If Known)    Tel: 617-570-1000
Wilfred J. Benoit, Jr. (BBO #037900)
Christopher B. Kaczmarek (BBO #647085)
Goodwin Procter LLP, Exchange Place, Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1441 and 42 U.S.C. §2000 et seq.
Brief description of cause: Claim by former employee claiming national origin and ancestry discrimination pursuant to Title 7.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4/14/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____