IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES ROSATI,

                Plaintiff,

v.

CAMBREX BIOSCIENCE, MA., INC.,

                Defendant.

Case No. 05-10748-RWZ

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PROCEEDINGS

       Pursuant to Local Rule 81.1, defendant Cambrex Bio Science Hopkinton, Inc. (which is inaccurately named in the complaint), by its undersigned attorneys, hereby files certified copies as set forth in Appendix A hereto of all records and proceedings and all docket entries in Commonwealth of Massachusetts Superior Court, Middlesex County, Civil Action No. 05-00731, which was removed to this Court on April 14, 2005.

Dated: May 3, 2005

Respectfully submitted,

CAMBREX BIO SCIENCE HOPKINTON, INC.

By its attorneys,


 /s/ Christopher B. Kaczmarek
Wilfred J. Benoit, Jr. (BBO No. 037900)
Christopher B. Kaczmarek (BBO No. 647085)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
(617) 570-1000

CLIFTON BUDD & DeMARIA, LLP
Attorneys for the Defendant
Eric S. Lamm, Esq.
George F. Brenlla, Esq.
Scott M. Wich, Esq.
420 Lexington Avenue, Suite 420
New York, New York  10170
(212) 687-7410
*Pro Hac Vice Applications Pending*

<u>**APPENDIX A**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES ROSATI,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAMBREX BIOSCIENCE, MA., INC.,<br><br>                    Defendant. | Case No. 05-10748-RWZ |

<u>**NOTICE OF MANUAL FILING WITH CLERK'S OFFICE**</u>

Notice is hereby given that the documents, exhibits or attachments listed below have been manually filed with the Court and are available in paper form only:

1.     Certified copies of all records and proceedings and all docket entries in Commonwealth of Massachusetts Superior Court, Middlesex County, Civil Action No. 05-00731.

The original documents are maintained in the case file in the Clerk's Office.

Dated:May 3, 2005

Respectfully submitted,

CAMBREX BIO SCIENCE HOPKINTON, INC.

By its attorneys,


 /s/ Christopher B. Kaczmarek
Wilfred J. Benoit, Jr. (BBO No. 037900)
Christopher B. Kaczmarek (BBO No. 647085)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts  02109
(617) 570-1000

CLIFTON BUDD & DeMARIA, LLP
Attorneys for the Defendant
Eric S. Lamm, Esq.
George F. Brenlla, Esq.
Scott M. Wich, Esq.
420 Lexington Avenue, Suite 420
New York, New York  10170
(212) 687-7410
*Pro Hac Vice Applications Pending*

# MIDDLESEX SUPERIOR COURT

### 40 Thorndike Street

Cambridge, MA 02141

617 494 4010 ext. ~~4010~~
4024

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (617) 523-1231

To:        WILFRED J. BENOIT, ESP.                    5/3/05

From:      MIDDLESEX SUPERIOR COURT

Date:      5/2/05                                      Edward J Sullivan

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| #05-731   ROSATI V. CAMBREX | |
| | |
| | |

COMMENTS:

ATTY. BENOIT,

A FAX WAS TRANSMITTED TO ATTY. KACZMAREK (ON 4/5/05)
NOTIFYING THAT HIS/YOUR REMOVAL WAS READY
TO BE PICKED-UP HERE IN THE CLERK'S OFFICE OF
THE MIDDLESEX SUPERIOR COURT. HE WAS ALSO INFORMED
THAT A CHECK IN THE AMOUNT OF $49.50 (FORTY NINE +
50/100) WAS NEEDED FOR CERTIFIED COPIES (ie, REMOVAL.)
TO DATE, THE REMOVAL IS STILL WAITING TO BE
PICKED-UP. NOTE: WILL NOTIFY USDC OF THIS PROBLEM
IF WE DON'T HEAR FROM YOU SOON. MOREOVER, WE WILL
NOT ACCEPT THIS REMOVAL IF PER CHANCE IT GOT
REMANDED BACK TO US      (CIVIL DOCKET DEPT.)

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY.

MICV2005-00731

JAMES ROSATI

v.

CAMBREX BIOSCIENCE, MA, INC

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-00731

I, Mary E. Rosa, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 3rd of March, in the year of our Lord, Two Thousand Five



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 14th of April, in the year of our Lord, Two Thousand Five

_____
Deputy Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

MIDDLESEX, ss.

-----------------------------------------------------x

JAMES ROSATI,

        Plaintiff,

        v.

CAMBREX BIOSCIENCE, MA, INC.,

        Defendant.

-----------------------------------------------------x

      Superior Court Department

      Docket No. 05-0731

```
FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

APR 1 4 2005

Edward J. Sullivan
              CLERK
```

## NOTICE OF FILING OF NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. § 1446(d), Defendant CAMBREX BIO SCIENCE HOPKINTON,

INC. (which is inaccurately named in the complaint), hereby gives notice to the Superior Court

of Middlesex County, and the attorney for plaintiff James Rosati, that, on April 14, 2005,

Defendant filed a Notice of Removal, thereby removing this action to the United States District

Court for the District of Massachusetts. A certified copy of the Notice of Removal is attached to

this Notice.

                      Respectfully submitted,

                      CAMBREX BIO SCIENCE HOPKINTON, INC.

                      By its attorneys,

                      Wilfred J. Benoit, Jr. (BBO No. 037900)
                      Christopher B. Kaczmarek (BBO No. 647085)
                      GOODWIN PROCTER LLP
                      Exchange Place
                      53 State Street

Boston, Massachusetts  02109
(617) 570-1000

CLIFTON BUDD & DeMARIA, LLP
Attorneys for the Defendant
Eric S. Lamm, Esq. (BBO# 284180)
Scott M. Wich, Esq. (BBO# 662135)
420 Lexington Avenue, Suite 420
New York, New York  10170
(212) 687-7410

Dated: April 14, 2005

LIBB/1335191.2

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document
was served upon the attorney of record for each
other party by mail(by hand) on   4/14/05

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
--------------------------------------------------x
JAMES ROSATI,                          :
        Plaintiff,                     :
                                       :
        v.                             :
                                       :   Civil Action No.
CAMBREX BIOSCIENCE, MA, INC.,          :
        Defendant.                     :
                                       :
--------------------------------------------------x
```

**05 10748 RWZ**

FILED
IN CLERKS OFFICE

2005 APR 14 A 11:45

U.S. DISTRICT COURT
DISTRICT OF MASS.

I hereby certify on 4/14/05 that the
foregoing document is true and correct copy of the
electronic docket in the captioned case
electronically filed original filed on _____
original filed in my office on 4/14/05
                        Sarah A. Thornton
                        Clerk, U.S. District Court
                        District of Massachusetts
                        By: _____
                        Deputy Clerk

## NOTICE OF REMOVAL

Defendant CAMBREX BIO SCIENCE HOPKINTON, INC., ("Cambrex") (which is inaccurately named in the complaint) files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Middlesex Division (the "Superior Court") to the United States District Court for the District of Massachusetts. As its reasons for removal, Cambrex states:

1.      Plaintiff James Rosati commenced an action in the Superior Court against Cambrex titled *James Rosati v. Cambrex BioScience, MA, Inc.*, Docket No. 05-0731 (the "Pending Action"). Cambrex is the sole defendant in the Pending Action. A true and correct copy of the Complaint, Summons, and Answer in the Pending Action are attached hereto as Exhibit A.

2.      Plaintiff's Summons and Complaint were delivered to Cambrex on March 15, 2005. Therefore, this Notice of Removal is timely.

1

George F. Brenlla, Esq.
Scott M. Wich, Esq.
420 Lexington Avenue, Suite 420
New York, New York  10170
(212) 687-7410
*Pro Hac Vice Applications Pending*

Dated: April 14, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2005, a true and correct copy of the

*Notice of Removal* was served by mail upon the following:

David A. Wallace, Esq.
Whittemore & Wallace
1001 Worcester Road
Framingham, MA  01701

Christopher B. Kaczmarek

LIBB/1335186.2

FILED
IN CLERK'S OFFICE

# COMMONWEALTH OF MASSACHUSETTS

Superior Court Department

Middlesex, ss.

Docket #: 05-0731

DISTRICT COURT
DISTRICT OF MASS.

---

JAMES ROSATI,     *Plaintiff*   )
                               )
          vs.            )
                               )
CAMBREX BIOSCIENCE, MA, INC.   )
                    *Defendant*   )

**COMPLAINT AND
JURY DEMAND**

---

## Parties

1.  The Plaintiff, James Rosati ("Rosati"), is an individual who resides at 18 Allen Court, Northborough, MA 01532.

2.  The Defendant, Cambrex BioScience, MA, Inc. ("Cambrex") formerly Marathon Biopharmaceuticals ("Marathon"), is a duly organized Delaware corporation with a usual place of business located at 97 South Street, Hopkinton, MA 01748.

## Jurisdiction

3.  On or about June 6, 2002, Rosati filed a Complaint of Discrimination based on national origin/ancestry at the Massachusetts Commission Against Discrimination ("MCAD").

4.  On November 26, 2003, the MCAD found probable cause to credit the allegations made in Rosati's Complaint.

5.  On or about January 31, 2005, Rosati, through counsel dismissed his Complaint of Discrimination at the MCAD and subsequently the U.S. Equal Employment Opportunity Commission ("EEOC").

6.    On February 23, 2005, the EEOC issued to Rosati a Notice Of Right To Sue, a copy of which is attached hereto as *"EXHIBIT A"*.

### Factual Allegations

7.    On or about March 5, 2001, Marathon (now Cambrex) hired Rosati to work in its Purification Department.

8.    Shortly after Rosati commenced his employment with Cambrex, a co-worker, Jeff Nykiel ("Nykiel") began subjecting him to verbal abuse on a repeated almost daily basis by belittling Rosati's national origin/ancestry (Italian) by referring to Rosati as an "overpaid guinea," a "wop bastard," and a "dago."

9.    When Nykiel's verbal harassment became overwhelming, Rosati complained about Nykiel's conduct to Ralph Rotunno ("Rotunno"), Vice President of Human Resources. Rotunno stated that he would conduct an investigation into Rosati's complaint, but added that "not everyone minds being called a guinea."

10.    On June 26, 2001, Rotunno held a meeting in his office at which Rosati, Nykiel, and another co-employee, Thomas Martino ("Martino") were present. During this meeting, Rotunno stated to Rosati and Martino that they were "too sensitive." Rotunno failed to discipline or warn Nykiel about his misconduct, and further stated that any discussion about the matter "must not leave this room."

11. On or about October 30, 2001, Cambrex acquired Marathon, but retained the employees of the former Marathon at the Hopkinton, Massachusetts facility.

12. Despite Rosati's complaints, Nykiel's harassment of Rosati worsened. In addition to subjecting Rosati to frequent epithets regarding his Italian ancestry, Nykiel began keeping a baseball bat in his cubicle with which Rosati overheard Nykiel stating that he intended to knock out [Rosati's] teeth. In February 2002, Rosati complained to Rotunno

abou: this incident, but Rotunno failed to discipline or warn Nykiel.  Instead, Rotunno reprimanded Rosati "for causing problems."

13.  On or about May 13, 2002, while Martino and Rosati were working in their cubicle, another co-employee, who also was a supervisor, Angel Mercado ("Mercado") entered. Mercado was holding a 6-inch serrated knife as he glared at Martino and Rosati.  Rosati filed a written report of this incident with the Hopkinton Police Department.  Rosati complained to Rotunno about the incident, but no action of any kind was taken by Rotunno and/or Cambrex.

14.  As a result of the combination of Nykiel's verbal abuse and the physical threats by both Mercado and Nykiel, Rosati became mentally and physically distraught.  Rotunno told Rosati to take time off from work to deal with his health issues.  May 14, 2002 was Rosati's last day of active work at Cambrex, as he was constructively discharged.  He subsequently found new employment, but at a considerably lower pay rate.

15.  On May 20, 2002, Rosati was seen by a psychiatrist John Coniaris, M.D., 494 Union Avenue, Framingham, Massachusetts 01702.  Dr. Coniaris determined that Rosati was suffering from acute stress reaction caused by the abuse he had endured in the Cambrex workplace, brought on primarily by Nykiel.

16.  Rosati was physically and mentally unable to return to work at Cambrex and subsequently filed a claim for Workers Compensation.

17.  Subsequent to finding new full time employment, Rosati entered into a settlement agreement regarding his Workers Compensation claim.  A copy of said Agreement is attached hereto as "*EXHIBIT B*."

18.  Nykiel's harassment of Rosati was based on a discriminatory animus toward his national origin/ancestry – Italian.  Because Cambrex failed and refused to warn, discipline or terminate Nykiel (or Mercado) despite repeated notice of Nykiel's

Complaint                            - 3 -                            Rosati v. Cambrex

discriminatory conduct, Cambrex has also discriminated against Rosati with regard to Rosati's terms, conditions and privileges of employment with Cambrex in violation of G.L. c. 151B, §4 (1) and Title VII of the 1964 Civil Rights Act.

## Count I – National Original/Ancestry Discrimination

20. Rosati hereby realleges the allegations set forth above in paragraphs 1 – 19.

21. Rosati has timely satisfied all the prerequisites to suit under G.L. c. 151B.

22. Cambrex discriminated against Rosati because of his national origin/ancestry.

23. As a result thereof, Rosati has suffered a loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunites, and other losses including emotional distress and mental suffering.

*Wherefore,* Rosati request that this Court award him:

- Compensatory damages;
- Punitive damages;
- Exemplary damages;
- Attorney's fees and costs; and
- Such other relief as the Court deems just and proper.

### THE PLAINTIFF DEMANDS A TRIAL BY JURY

JAMES ROSATI, by his attorney,

David A. Wallace, Esq.
Whittemore & Wallace
1001 Worcester Road
Framingham, MA 01701
(508) 872-4331
BBO#:  513480

DATED:  March 2, 2005

EXHIBIT A

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   James Rosati<br>30 Purchase Street<br>Milford, MA 01757 | From:   Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2002-02413 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FEB 2 3 2005

Robert L. Sanders,
Area Office Director

*(Date Mailed)*

Enclosure(s)

cc:    **CAMBREX BIOSCIENCE**
       97 South Street
       Hopkinton, MA 01748

**David A. Wallace**
Whittemore And Wallace
Attorneys At Law
1001 Worcester Road
Framingham, MA. 01701-5237

## EXHIBIT B (Page 1 of 2)

**FORM 117**



The Commonwealth of Massachusetts
Department of Industrial Accidents
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. – 617-727-4900 ext. 470
http://www.mass.gov/dia

AGREEMENT FOR REDEEMING LIABILITY
BY LUMP SUM UNDER G.L. CH. 152
FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986

| DIA Board # (If Known): |
|---|
| 20472-02 |

Page 1 of 2
*Please Print or Type*

EMPLOYEE ___James Rosati___ LUMP SUM AMOUNT $ __9,000.00__

EMPLOYER ___Cambrex Bioscience___ TOTAL DEDUCTIONS $ __1,402.00__

INSURER ___Zurich American Insurance___ NET TO CLAIMANT $ __7,598.00__

BOARD NUMBER ___20472-02___ TOTAL PAYMENTS $ __9,000.00__
(Weekly benefits plus lump sum)

DATE OF INJURY ___5/13/02 and all dates of employment___

## CHECK WHERE APPLICABLE

( )  Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X)  Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X)  In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

( )  The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

|  | NAME | ADDRESS |
|---|---|---|
| 1. $ __1,350.00__ Attorney Fees | Robert M. Thacker, Jr., Esq. | 327 Union Ave., Framingham, MA 01702 |
| 2. $ __52.00__ Attorney Expenses | Robert M. Thacker, Jr., Esq. | 327 Union Ave., Framingham, MA 01702 |
| 3. $ _____ Liens (Please attach documentation) | | |
| 4. $ _____ Inchoate Rights (Please specify release) | | |
| 5. $ _____ | | |
| 6. $ _____ In _____ 152 § 48 | | |
| 7. $ _____ | | |

(OVER)

Form 117 - Revised 8/2001 - Reproduce as needed.

## EXHIBIT B (Page 2 of 2)

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT     *(Page 2 of 2)*

**EMPLOYEE MEDICAL INFORMATION:**

$3.22 per week over a life expectancy of approx. 44 years in accordance with Sciarotta-v-:

Age __33__   No. of Dependents __0__   Average Weekly Wage $ __894.40__   Compensation Rate $ _____

Social Security No.*: __015 - 66-2112__ Occupation __laboratory worker__ Educational Background

High School Graduat

On Social Security: YES ( )  NO (X)

On Public Employee Disability Retirement:  YES ( )  NO (X)

DIAGNOSIS __acute stress reaction__    PRESENT MEDICAL CONDITION __improved__

Present Work Capacity: __working full time__    Third Party Action __N/A__

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):*

Employee alleged an acute stress reaction disability as a result of a series of incidents during the course of his employment.  Employee was out of work from 5/13/02 until returning to work for a different employer in the same field on 8/5/02.  Settlement is in best interest of Employee as he has been working without restrictions at a new job for three months.  Settlement includes all dates of employment.  Net settlement represents $3.22 per week over a life expectancy of approximately 44 years in accordance with Sciarotta v. Bowen.

Employer denies all incidents of purported harrassment and was prepared to contest liability.

(Please attach a separate sheet if necessary.)

Received of __Zurich American Insurance__   the Lump Sum of __NINE THOUSAND__ dollars and __zero__ cents ($ __9,000.00__ )

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by __James Rosati__

on or about __May 13, 2002 & all dates__ while in the employ of __Cambrex Bioscience__ of employment.   I fully understand that after all of the deductions herein I will receive

$ __7,598.00__.   I am fully satisfied with and request approval of this settlement.  This agreement has been translated for me into my native language of __N/A__

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | *James Rosati* | 30 Purchase St. Midford, MA | 01757 |
| CLAIMANT'S COUNSEL: | Robert M. Thacker, Jr. | 327 Union Avenue Framingham, MA | 01702 |
| INSURER'S COUNSEL: | Kenner, Engelberg, Dadalt & Bratcher | 99 Summer Street Boston, MA | 02110 |

Signed this __22nd__ day of __November__ 20 __02__

*Disclosure of Social Security Number is Voluntary.  It will aid in the processing of this document.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.
05-0731

.............MIDDLESEX............ , ss
[seal]

JAMES ROSATI
.......................................... , Plaintiff(s)

v.

CAMBREX BIOSCIENCE, MA, INC.
.......................................... , Defendant(s)

## SUMMONS

To the above-named Defendant:    CAMBREX BIOSCIENCE, MA, INC.

You are hereby summoned and required to serve upon ....David A. Wallace, Esq.................

.................................................... plaintiff's attorney, whose address is ....................................

1001 Worcester Rd., Framingham, MA
01701....., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 41 Thorndike St.,

Cambridge, MA 02141 ...................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .............................................................

the .............second........................ day of ........March............................................

...................., in the year of our Lord ....2005.......................... .

*Edward J Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT OF MIDDLESEX COUNTY

```
-------------------------------------------------------x
                                      :
JAMES ROSATI                          :
                                      :
           Plaintiff,                 :
                                      :
                                      :   Docket No. 05-0731
      v.                              :
                                      :
CAMBREX BIOSCIENCE, MA, INC.          :
                                      :
           Defendants.                :
                                      :
-------------------------------------------------------x
```

### ANSWER

Defendant, CAMBREX BIO SCIENCE HOPKINTON, INC., s/h/a CAMBREX BIOSCIENCE, MA, INC., by its attorneys, as and for an Answer to the Complaint herein, respectfully alleges as follows:

### Parties

1.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.       Denies the allegations in paragraph 2 of the Complaint, except to admit that Cambrex Bio Science Hopkinton, Inc. is a duly organized Delaware corporation with a usual place of business located at 97 South Street, Hopkinton, Massachusetts.

## Jurisdiction

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Denies the allegations in paragraph 4 of the Complaint, except to admit that on or about November 26, 2003 the MCAD issued a determination prior to the completion of discovery concerning the allegations raised in a complaint filed by Rosati, that Defendant filed a motion for reconsideration of this determination after the completion of limited discovery (save for discovery questions Plaintiff refused to answer) and Plaintiff withdrew his complaint before the MCAD prior to a determination on this motion.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

## Factual Allegations

7.      Denies the allegations in paragraph 7 of the Complaint, except to admit that on or about March 5, 2001, CoPharma, Inc., d/b/a Marathon Biopharmaceuticals, hired Plaintiff.

8.      Denies the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the Complaint, except to admit that Ralph Rotunno told Plaintiff he would conduct an investigation into a complaint Plaintiff raised.

2

10.    Denies the allegations in paragraph 10 of the Complaint, except to admit that, on or about June 26, 2001, Rotunno held a meeting in his office with Plaintiff, Jeff Nykiel and Thomas Martino.

11.    Admits the allegations in paragraph 11 of the Complaint.

12.    Denies the allegations in paragraph 12 of the Complaint.

13.    Denies the allegations in paragraph 13 of the Complaint, except to admit that Mercado was a supervisor and Rosati complained to Ralph Rotunno about the alleged incident.

14.    Denies the allegations in paragraph 14 of the Complaint, except to admit that Rotunno provided Plaintiff with time-off from work in response to purported health issues and deny knowledge or information sufficient to form a belief as to Plaintiff's subsequent employment.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.    Denies the allegations in paragraph 16 of the Complaint, except to admit that Plaintiff filed a claim for Workers' Compensation benefits.

17.    Admits the allegations in paragraph 17 of the Complaint.

18.    Denies the allegations in paragraph 18 of the Complaint.

### Count I – National Origin/Ancestry Discrimination

20.[1]    Defendant repeats and realleges its responses to paragraph 1-19 of the Complaint as if set forth fully herein.

---

[1]    The Complaint omits a paragraph enumerated "19."

3

21.  Denies the allegations in paragraph 21 of the Complaint.

22.  Denies the allegations in paragraph 22 of the Complaint.

23.  Denies the allegations in paragraph 23 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficient service of process.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claim(s) of unlawful harassment because it exercised reasonable care to prevent and correct promptly any harassment and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant enforced its antidiscrimination policies in good faith.

4

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff has failed to mitigate properly his damages, his entitlement to damages must be limited.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the punitive damages sought in the Complaint because the alleged behavior of Defendant does not rise to the level required under applicable law.

Wherefore, Defendant respectfully requests that this Court dismiss the Complaint in its entirety and award Defendant its attorneys' fees, costs, disbursements, and such other and further relief as the Court may deem just, proper and equitable.

Dated:     New York, New York
           April 4, 2005

                    Respectfully submitted,

                    CLIFTON BUDD & DeMARIA, LLP

                    Attorneys for the Defendant,
                    Cambrex Bio Science Hopkinton, Inc.


By: _____

           Scott M. Wich, Esq. (BBO# 662135)
           420 Lexington Avenue, Suite 420
           New York, New York  10170
           (212) 687-7410

5

## **Certificate of Service**

I hereby certify that a true copy of the above document was served upon David A. Wallace, attorney of record for the Plaintiff, by first class mail on April 4, 2005.


SCOTT M. WICH

# COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

Superior Court Department
Docket #:

05-0731

| | |
|---|---|
| JAMES ROSATI, *Plaintiff* | ) |
| | ) |
| vs. | ) |
| | ) |
| CAMBREX BIOSCIENCE, MA, INC. | ) |
| *Defendant* | ) |

**COMPLAINT AND
JURY DEMAND**

FILED
... OF THE
... OF COURT

5048A0000003/03/2005 CIVIL        240.00
5048A0000003/03/05 SUR: CHARGE     15.00
5048A0000003/03/05 SEC.            20.00
5048A0000003/03/05 SUMMONS          5.00

## Parties

1. The Plaintiff, James Rosati ("Rosati"), is an individual who resides at 18 Allen Court, Northborough, MA 01532.

2. The Defendant, Cambrex BioScience, MA, Inc. ("Cambrex") formerly Marathon Biopharmaceuticals ("Marathon"), is a duly organized Delaware corporation with a usual place of business located at 97 South Street, Hopkinton, MA 01748.

## Jurisdiction

3. On or about June 6, 2002, Rosati filed a Complaint of Discrimination based on national origin/ancestry at the Massachusetts Commission Against Discrimination ("MCAD").

4. On November 26, 2003, the MCAD found probable cause to credit the allegations made in Rosati's Complaint.

5. On or about January 31, 2005, Rosati, through counsel dismissed his Complaint of Discrimination at the MCAD and subsequently the U.S. Equal Employment Opportunity Commission ("EEOC").

6. On February 23, 2005, the EEOC issued to Rosati a Notice Of Right To Sue, a copy of which is attached hereto as **"EXHIBIT A"**.

## Factual Allegations

7. On or about March 5, 2001, Marathon (now Cambrex) hired Rosati to work in its Purification Department.

8. Shortly after Rosati commenced his employment with Cambrex, a co-worker, Jeff Nykiel ("Nykiel") began subjecting him to verbal abuse on a repeated almost daily basis by belittling Rosati's national origin/ancestry (Italian) by referring to Rosati as an "overpaid guinea," a "wop bastard," and a "dago."

9. When Nykiel's verbal harassment became overwhelming, Rosati complained about Nykiel's conduct to Ralph Rotunno ("Rotunno"), Vice President of Human Resources. Rotunno stated that he would conduct an investigation into Rosati's complaint, but added that "not everyone minds being called a guinea."

10. On June 26, 2001, Rotunno held a meeting in his office at which Rosati, Nykiel, and another co-employee, Thomas Martino ("Martino") were present. During this meeting, Rotunno stated to Rosati and Martino that they were "too sensitive." Rotunno failed to discipline or warn Nykiel about his misconduct, and further stated that any discussion about the matter "must not leave this room."

11. On or about October 30, 2001, Cambrex acquired Marathon, but retained the employees of the former Marathon at the Hopkinton, Massachusetts facility.

12. Despite Rosati's complaints, Nykiel's harassment of Rosati worsened. In addition to subjecting Rosati to frequent epithets regarding his Italian ancestry, Nykiel began keeping a baseball bat in his cubicle with which Rosati overheard Nykiel stating that he intended to knock out [Rosati's] teeth. In February 2002, Rosati complained to Rotunno

about this incident, but Rotunno failed to discipline or warn Nykiel. Instead, Rotunno reprimanded Rosati "for causing problems."

13. On or about May 13, 2002, while Martino and Rosati were working in their cubicle, another co-employee, who also was a supervisor, Angel Mercado ("Mercado") entered. Mercado was holding a 6-inch serrated knife as he glared at Martino and Rosati. Rosati filed a written report of this incident with the Hopkinton Police Department. Rosati complained to Rotunno about the incident, but no action of any kind was taken by Rotunno and/or Cambrex.

14. As a result of the combination of Nykiel's verbal abuse and the physical threats by both Mercado and Nykiel, Rosati became mentally and physically distraught. Rotunno told Rosati to take time off from work to deal with his health issues. May 14, 2002 was Rosati's last day of active work at Cambrex, as he was constructively discharged. He subsequently found new employment, but at a considerably lower pay rate.

15. On May 20, 2002, Rosati was seen by a psychiatrist John Coniaris, M.D., 494 Union Avenue, Framingham, Massachusetts 01702. Dr. Coniaris determined that Rosati was suffering from acute stress reaction caused by the abuse he had endured in the Cambrex workplace, brought on primarily by Nykiel.

16. Rosati was physically and mentally unable to return to work at Cambrex and subsequently filed a claim for Workers Compensation.

17. Subsequent to finding new full time employment, Rosati entered into a settlement agreement regarding his Workers Compensation claim. A copy of said Agreement is attached hereto as "*EXHIBIT B*."

18. Nykiel's harassment of Rosati was based on a discriminatory animus toward his national origin/ancestry – Italian. Because Cambrex failed and refused to warn, discipline or terminate Nykiel (or Mercado) despite repeated notice of Nykiel's

discriminatory conduct, Cambrex has also discriminated against Rosati with regard to Rosati's terms, conditions and privileges of employment with Cambrex in violation of G.L. c. 151B, §4 (1) and Title VII of the 1964 Civil Rights Act.

### Count I – National Original/Ancestry Discrimination

20. Rosati hereby realleges the allegations set forth above in paragraphs 1 – 19.

21. Rosati has timely satisfied all the prerequisites to suit under G.L. c. 151B.

22. Cambrex discriminated against Rosati because of his national origin/ancestry.

23. As a result thereof, Rosati has suffered a loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunites, and other losses including emotional distress and mental suffering.

*Wherefore,* Rosati request that this Court award him:

- Compensatory damages;
- Punitive damages;
- Exemplary damages;
- Attorney's fees and costs; and
- Such other relief as the Court deems just and proper.

### THE PLAINTIFF DEMANDS A TRIAL BY JURY

JAMES ROSATI, by his attorney,

David A. Wallace, Esq.
Whittemore & Wallace
1001 Worcester Road
Framingham, MA 01701
(508) 872-4331
BBO#: 513480

DATED: March 2, 2005

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:    **James Rosati**
**30 Purchase Street**
**Milford, MA 01757**

From:    **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐    On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2002-02413 | **Rance A. O'Quinn,**<br>**Enforcement Supervisor** | **(617) 565-3192** |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FEB 2 3 2005

_____
**Robert L. Sanders,**
**Area Office Director**

(Date Mailed)

Enclosure(s)

CC:    **CAMBREX BIOSCIENCE**
**97 South Street**
**Hopkinton, MA 01748**

**David A. Wallace**
**Whittemore And Wallace**
**Attorneys At Law**
**1001 Worcester Road**
**Framingham, MA. 01701-5237**

## EXHIBIT B (Page 1 of 2)



**FORM 117**

The Commonwealth of Massachusetts
**Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

AGREEMENT FOR REDEEMING LIABILITY
BY LUMP SUM UNDER G.L. CH. 152
FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986

| DIA Board # (If Known): |
|---|
| 20472-02 |

Page 1 of 2
*Please Print or Type*

EMPLOYEE  James Rosati              LUMP SUM AMOUNT $ 9,000.00

EMPLOYER  Cambrex Bioscience        TOTAL DEDUCTIONS $ 1,402.00

INSURER  Zurich American Insurance  NET TO CLAIMANT  $ 7,598.00

BOARD NUMBER  20472-02              TOTAL PAYMENTS  $ 9,000.00
                                    (Weekly benefits plus lump sum)

DATE OF INJURY  5/13/02 and all dates of employment

---

CHECK WHERE APPLICABLE

(  )   Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( X )  Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( X )  In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

(  )   The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

|  | NAME | ADDRESS |
|---|---|---|
| 1. $ 1,350.00 Attorney's Fee | Robert M. Thacker, Jr., Esq. | 327 Union Ave., Framingham, MA 01702 |
| 2. $ 52.00 Attorney's Expenses | Robert M. Thacker, Jr., Esq. (Please attach documentation) | 327 Union Ave., Framingham, MA 01702 |
| 3. $ Liens | (Please attach discharges) | |
| 4. $ Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | 152 & 48 | |
| 7. $ | | |

ACCIDENTS
DIVISION
APPROVED
NOV 22 2002

(OVER)

Form 117 - Revised 8/2001 - Reproduce as needed.

**EXHIBIT B (Page 2 of 2)**

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT    *(Page 2 of 2)*

$3.22 per week over a life expectancy of approx. 44 years in accordance with Sciarotta v. Bo

EMPLOYEE MEDICAL INFORMATION:

Age  33     No. of Dependents  0    Average Weekly Wage $ 894.40

Social Security No.*: 015 - 66-2112 Occupation  laboratory worker

Compensation Rate $ _____

Educational Background _____ High School Graduate

On Social Security: YES ( ) NO (X)

On Public Employee Disability Retirement: YES ( ) NO (X)

DIAGNOSIS  acute stress reaction      PRESENT MEDICAL CONDITION  improved

Present Work Capacity:  working full time        Third Party Action  N/A

---

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):*

Employee alleged an acute stress reaction disability as a result of a series of incidents during the course of his employment.  Employee was out of work from 5/13/02 until returning to work for a different employer in the same field on 8/5/02.  Settlement is in best interest of Employee as he has been working without restrictions at a new job for three months.  Settlement includes all dates of employment.  Net settlement represents $3.22 per week over a life expectancy of approximately 44 years in accordance with Sciarotta v. Bowen.

Employer denies all incidents of purported harrassment and was prepared to contest liability.

(Please attach a separate sheet if necessary.)

Received of  Zurich American Insurance           the Lump Sum of  NINE THOUSAND

_____ dollars and  zero  cents ($ 9,000.00       )

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by  James Rosati

on or about  May 13, 2002 & all dates while in the employ of  Cambrex Bioscience of employment         . I fully understand that after all of the deductions herein I will receive

$  7,598.00        . I am fully satisfied with and request approval of this settlement. This agreement has been translated for me into my native language of  N/A

---

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | James Rosati | 30 Purchase St. Midford, MA | 01757 |
| CLAIMANT'S COUNSEL: | Robert M. Thacker, Jr. | 327 Union Avenue Framingham, MA | 01702 |
| INSURER'S COUNSEL: | Kenner, Engelberg, Dadalt & Bratcher | 99 Summer Street Boston, MA | 02110 |

Signed this  22nd  day of  November    20 02

*Disclosure of Social Security Number is Voluntary.  It will aid in the processing of this document.

| STATEMENT OF DAMAGES G.L.c. 231, § 13B, St. 1996, c. 358, s. 5 | DATE FILED (To be added by Clerk) | DOCKET NUMBER (To be added by Clerk) 05-0731 | Trial Court of Massachusetts |

| PLAINTIFF(S) | DEFENDANT(S) |
| JAMES ROSATI | CAMBREX BIOSCIENCE, MA, INC. |

**INSTRUCTIONS: TO BE FILED WITH THE COMPLAINT IN ALL CIVIL ACTIONS SEEKING MONETARY DAMAGES COMMENCED IN DISTRICT AND SUPERIOR COURTS IN MIDDLESEX AND NORFOLK COUNTIES**

COUNTY: ☐ Middlesex ☐ Norfolk
SUPERIOR COURT: ☒ Cambridge ☐ Lowell ☐ Dedham
DISTRICT COURT: ——————————— Division

Based on the facts set forth above (and attached) Plaintiff avers as follows:

☐ **Damages are not likely to exceed $25,000** ☐ **Damages are not likely to be less than or equal to $25,000**

*The following is a full, itemized and detailed statement of the facts on which the plaintiff relies to determine money damages: (Attach additional sheets as necessary.)*

| TORT CLAIMS | AMOUNT |

A. Documented medical expenses to date:

a. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

b. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,369.00

c. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

d. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . $ _____

e. Total other expenses (Describe): _____ $ _____

—————————————————— $ 1,369.0

SUBTOTAL:

B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . . . . . . . $ 74,050.0

C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

D. Other documented items of damage (Describe): ——————— $ _____

E. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . . . . . . . . . . $ _____

F. Reasonably anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ unknown

G. Extent of injury (check all that apply):

☐ total disability ☐ partial disability ____% ☐ permanent injury ☐ temporary injury ____ months

(Describe): ——————————————————————

——————————————————————

TOTAL: $ 75,423.00

| CONTRACT CLAIMS | AMOUNT |
| | $ _____ |
| | $ _____ |
| | $ _____ |

TOTAL: $ _____

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
| Signature: *David A. Wallace* 3/2/05 Date | Cambrex | Scott Wich, Esq. |
| Print or Type Name: David A. Wallace | 97 South St. | Clifton Budd DeMaria |
| 1001 Worcester Road | Hopkinton, | 420 Lexington Ave. |
| Address: Framingham, MA 01701 | MA 01748 | NYC 10170-0089 |

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Middlesex | Docket Number 05-0731 |
|---|---|---|

| PLAINTIFF(S) JAMES ROSATI | DEFENDANT(S) CAMBREX BIOSCIENCE, MA, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David A. Wallace, Whittemore & Wallace 1001 Worcester Rd., Framingham, MA Board of Bar Overseers number: 01701 BBO: 513480 508-872-4331 | ATTORNEY (if known) Scott Wich, Esq. Clifton, Budd, DeMaria, 420 Lexington Ave., New York, New York 10170-0089 |

Origin code and track designation

Place an x in one box only:
[ X ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B-22 | Employment Discrimination | ( F ) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................. $ ...........
 2. Total Doctor expenses .................................. $ 1,369.00
 3. Total chiropractic expenses .................................. $ ...........
 4. Total physical therapy expenses .................................. $ ...........
 5. Total other expenses (describe) .................................. $ ...........
                                                    Subtotal $ ...........
B. Documented lost wages and compensation to date .................................. $74,050.00
C. Documented property damages to date .................................. $ ...........
D. Reasonably anticipated future medical and hospital expenses .................................. $ ...........
E. Reasonably anticipated lost wages .................................. $unknown
F. Other documented items of damages (describe)

                                                    $ ...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)


                                                    $ ...........
                                                    TOTAL: $75,423.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                    TOTAL    $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT


"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 3/2/05

A.O.S.C. 2003

MAS-20041213
gilmanr

**Commonwealth of Massachusetts**
Case 1:05-cv-10748-RGS MIDDLESEX SUPERIOR COURT 05/03/2005    Page 10 of 19
Case Summary
Civil Docket

04/15/2005
09:55 AM

## MICV2005-00731
### Rosati v Cambrex Bioscience, MA, Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/03/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/14/2005 | **Session** | E - Cv E (7B Cambridge) | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Service** | 06/01/2005 | **Answer** | 07/31/2005 | **Rule12/19/20** | 07/31/2005 |
| **Rule 15** | 07/31/2005 | **Discovery** | 12/28/2005 | **Rule 56** | 01/27/2006 |
| **Final PTC** | 02/26/2006 | **Disposition** | 04/27/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
James Rosati
18 Allen Court
Northborough, MA 01532
Active 03/03/2005

**Private Counsel 513480**
David A Wallace
Whittemore & Wallace
1001 Worcester Road
Framingham, MA 01701
Phone: 508-872-4331
Fax: 508-872-8019
Active 03/03/2005 Notify

**Defendant**
Cambrex Bioscience, MA, Inc
97 South Street
Hopkinton, MA 01748
Served: 03/15/2005
Answered: 04/05/2005
Answered 04/05/2005

**Private Counsel 662135**
Scott M Wich
Clifton Budd & DeMaria
420 Lexington Ave, Ste 420
New York, NY 10170-0089
Phone: 212-687-7410
Active 04/06/2005 Notify

**Private Counsel 037900**
Wilfred J Benoit
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109-2881
Phone: 617-570-1000
Fax: 617-523-1231
Active 04/14/2005 Notify

**Private Counsel 647085**
Christopher B. Kaczmarek
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1373
Fax: 617-523-1231
Active 04/14/2005 Notify

# MICV2005-00731
## Rosati v Cambrex Bioscience, MA, Inc et al

| Defendant |
|---|
| Scott M Wich<br>420 Lexington Ave<br>Suite 420<br>New York, NY 10170<br>Phone: 212-687-7410<br>Service pending 04/06/2005 |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/03/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/03/2005 | | Origin 1, Type B99, Track F. |
| 03/15/2005 | 2.0 | SERVICE RETURNED: Cambrex Bioscience, MA, Inc.(Defendant In hd 3-15-05 |
| 04/05/2005 | 3.0 | ANSWER: Cambrex Bioscience, MA, Inc.(Defendant) |
| 04/14/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts by deft Cambrex Bioscience, MA, Inc |
| 04/14/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

$\mathcal{E}$

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

....... MIDDLESEX ............ , ss                     *2*

[seal]

No. **05-0731**

JAMES ROSATI .............................. , Plaintiff(s)

v.

CAMBREX BIOSCIENCE, MA, INC. .............. , Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURT
FOR THE COUNTY OF M
MAR 23 2005

## SUMMONS

To the above-named Defendant:    CAMBREX BIOSCIENCE, MA, INC.

You are hereby summoned and required to serve upon ....David A. Wallace, Esq................

....... ............................................. plaintiff's attorney, whose address is ...........................................

1001 Worcester Rd., Framingham, MA.., an answer to the complaint which is herewith
01701

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...............41 Thorndike St.,

.. Cambridge, MA 02141 ........................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** H. DeNucio, Esquire, at .......................................................................

the .................... second .................... day of .......... March ..........................................

...................., in the year of our Lord ....2005........................... .

*Edward J Sullivan*

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT OF MIDDLESEX COUNTY

```
-----------------------------------------------------x
                                                     :
JAMES ROSATI                                         :
                                                     :
              Plaintiff,                             :
                                                     :   Docket No. 05-0731
       v.                                            :
                                                     :
CAMBREX BIOSCIENCE, MA, INC.                         :
                                                     :
              Defendants.                            :
                                                     :
-----------------------------------------------------x
```

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

APR 05 2005

CLERK

## ANSWER

Defendant, CAMBREX BIO SCIENCE HOPKINTON, INC., s/h/a CAMBREX BIOSCIENCE, MA, INC., by its attorneys, as and for an Answer to the Complaint herein, respectfully alleges as follows:

### Parties

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint, except to admit that Cambrex Bio Science Hopkinton, Inc. is a duly organized Delaware corporation with a usual place of business located at 97 South Street, Hopkinton, Massachusetts.

**Jurisdiction**

3.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.　　Denies the allegations in paragraph 4 of the Complaint, except to admit that on or about November 26, 2003 the MCAD issued a determination prior to the completion of discovery concerning the allegations raised in a complaint filed by Rosati, that Defendant filed a motion for reconsideration of this determination after the completion of limited discovery (save for discovery questions Plaintiff refused to answer) and Plaintiff withdrew his complaint before the MCAD prior to a determination on this motion.

5.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

**Factual Allegations**

7.　　Denies the allegations in paragraph 7 of the Complaint, except to admit that on or about March 5, 2001, CoPharma, Inc., d/b/a Marathon Biopharmaceuticals, hired Plaintiff.

8.　　Denies the allegations in paragraph 8 of the Complaint.

9.　　Denies the allegations in paragraph 9 of the Complaint, except to admit that Ralph Rotunno told Plaintiff he would conduct an investigation into a complaint Plaintiff raised.

10.     Denies the allegations in paragraph 10 of the Complaint, except to admit that, on or about June 26, 2001, Rotunno held a meeting in his office with Plaintiff, Jeff Nykiel and Thomas Martino.

11.     Admits the allegations in paragraph 11 of the Complaint.

12.     Denies the allegations in paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint, except to admit that Mercado was a supervisor and Rosati complained to Ralph Rotunno about the alleged incident.

14.     Denies the allegations in paragraph 14 of the Complaint, except to admit that Rotunno provided Plaintiff with time-off from work in response to purported health issues and deny knowledge or information sufficient to form a belief as to Plaintiff's subsequent employment.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Denies the allegations in paragraph 16 of the Complaint, except to admit that Plaintiff filed a claim for Workers' Compensation benefits.

17.     Admits the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint.

### Count I – National Origin/Ancestry Discrimination

20.[1]     Defendant repeats and realleges its responses to paragraph 1-19 of the Complaint as if set forth fully herein.

---

[1]    The Complaint omits a paragraph enumerated "19."

3

21.    Denies the allegations in paragraph 21 of the Complaint.

22.    Denies the allegations in paragraph 22 of the Complaint.

23.    Denies the allegations in paragraph 23 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficient service of process.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claim(s) of unlawful harassment because it exercised reasonable care to prevent and correct promptly any harassment and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant enforced its antidiscrimination policies in good faith.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

In the event that Plaintiff has failed to mitigate properly his damages, his entitlement to damages must be limited.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the punitive damages sought in the Complaint because the alleged behavior of Defendant does not rise to the level required under applicable law.

Wherefore, Defendant respectfully requests that this Court dismiss the Complaint in its entirety and award Defendant its attorneys' fees, costs, disbursements, and such other and further relief as the Court may deem just, proper and equitable.

Dated:      New York, New York
April 4, 2005

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP

Attorneys for the Defendant,
Cambrex Bio Science Hopkinton, Inc.

By: _____

Scott M. Wich, Esq. (BBO# 662135)
420 Lexington Avenue, Suite 420
New York, New York  10170
(212) 687-7410

5

### Certificate of Service

I hereby certify that a true copy of the above document was served upon David A. Wallace, attorney of record for the Plaintiff, by first class mail on April 4, 2005.

SCOTT M. WICH